CITY OF BRYAN, Appellee,

v.

FOX, Appellant.

[Cite as *Bryan v. Fox* (1991), 76 Ohio App.3d 607.]

Court of Appeals of Ohio,
Williams County.

No. 90WM000013.

Decided Dec. 20, 1991.

*Joseph R. Kiacz,* for appellee.

*Eric A. Mertz,* for appellant.

---

ABOOD, Judge.

This is an appeal from the judgment of the Bryan Municipal Court in which appellant was found guilty of operating a motor vehicle with a concentration of alcohol in excess of lawful limits in violation of city of Bryan Ordinance 333.01(A)(3). Appellant sets forth one assignment of error:

"The trial court erred [*sic*] in overruling the defendant-appellant's motion to suppress without an evidentiary hearing."

The facts that are relevant to the issues raised on appeal are as follows. On February 22, 1990, at approximately 12:34 a.m., appellant Michael L. Fox was arrested by a patrolman of the Bryan Police Department and cited for a red light violation and for operating a motor vehicle while under the influence of alcohol and with a concentration of alcohol in excess of lawful limits, in violation of Bryan Ordinance 333.01(A)(1) and (3). On March 9, 1990, appellant appeared in the Bryan Municipal Court and entered a not guilty plea. On March 12, 1990, appellant filed a motion to suppress in which he requested that the court suppress:

"1. Opinion of the arresting officer regarding Defendant's sobriety;

"2. Statements taken from Defendant or caused to be taken from Defendant and all other evidence flowing from the arrest or detainment;

"3. Tests of Defendant's motor coordination and/or sobriety, including but not limited to chemical tests of Defendant's blood alcohol level administered or caused to be administered to Defendant;

"and for the prosecution to show why the above should not be suppressed for the reason that:

"1. The arresting officer did not have probable cause to make the arrest for the crime with which Defendant is charged or to detain the Defendant;

"2. The tests were taken in violation of Defendant's constitutional rights, in violation of due process of law, and the regulations of the state of Ohio, Department of Health were not followed;

"3. Defendant contends that the arresting officer did not have probable cause to make the arrest of the Defendant, or to form an opinion that Defendant was under the influence of alcohol while driving a motor vehicle;

"4. The breath machine or instrument analyzing Defendant's blood alcohol level was not in proper working order, or was not sufficiently accurate or free from error or potential error to be used as evidence;

"5. The operator did not have the necessary qualifications to operate the breath machine or instrument analyzing Defendant's blood alcohol level.

"6. The police officer, even with probable cause, was without power to make an arrest."

In addition, appellant asserted that he was not advised of his constitutional rights before he made certain statements to the officer and requested that the court suppress all statements and evidence flowing from the failure of the officer to advise him of his "*Miranda*" rights.

On April 25, 1990, the case was called for a hearing on the motion to suppress. Prior to the hearing, the following dialogue took place between the trial court and appellant's attorney, Eric A. Mertz:

"COURT: Let's take the Fox matter first of all. Mr. Mertz, this Motion is set on your Motion to Suppress.

"MERTZ: That is correct, Your Honor.

"COURT: Your motion to suppress appears to me to be boilerplate, and not specific. Is there something about it that to indicate to me that it is in fact specific, Mr. Mertz?

"MERTZ: Well, I think that if the Court reads my Motion, there is a motion to suppress based on the fact the officer didn't have probable cause to stop or probable cause to arrest, ah, Mr. Fox. There is other parts of the Motion saying that statements were taken from him in violation of his constitutional rights and the Miranda warnings were not read. Ah, there is [*sic*] further things in here with regard to the motor coordination and the chemical tests, specifically a breath test. If the Court please, there is [*sic*] additional matters that come to light through discovery, um, namely, that the officer is not qualified to give this test, and, ah, we feel that there might have been a seizure in violation of the Fourth Amendment with regard to obtain[ing] evidence in this case. Um, for all those reasons, that's why we filed the Motion.

"COURT: That sounded like boilerplate too. I guess, Mr. Mertz, for the reasons that the Motion is not specific, the Motion is overruled as it has been filed. Anything further in this matter at this time, gentlemen?

"MERTZ? No."

The motion to suppress having been denied, on August 6, 1990, appellant entered a no contest plea and was found guilty of operating a motor vehicle with a concentration of alcohol in excess of lawful limits, in violation of Bryan Ordinance 333.01(A)(3). The other charges were dismissed. Appellant filed a timely notice of appeal.

In his sole assignment of error, appellant argues that the trial court erred in finding that grounds for his motion to suppress were not sufficiently specific and in summarily overruling his motion to suppress without an evidentiary hearing.

This court in *Montpelier v. Engels* (Jan. 25, 1991), Williams App. No. 89WM000008, unreported, 1991 WL 7290, addressed the identical issue raised by appellant herein involving a virtually identical motion to suppress. We note here, as we did in *Engels,* that appellant's written motion to suppress is clearly a "shotgun" motion setting out in conclusory terms every conceivable

objection that could be made to the admission into evidence of the results of the breath test and any other evidence favorable to the prosecution. In *Engels,* however, before addressing the issue of whether a hearing was required on such a motion, we first determined if the issues raised by the motion were proper subjects of a motion to suppress. We determined that the trial court was not required to consider on a motion to suppress those issues that go just to the admissibility of breath test results. *Id.* at 5. Since then, however, the Supreme Court of Ohio in *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 573 N.E.2d 32, has held that a motion to suppress is a proper pretrial procedure for challenging breathalyzer test results.

In accordance therewith, this court finds preliminarily that all of the issues raised in appellant's motion to suppress are subject to resolution by a motion to suppress. However, as we stated in *Engels:*

" * * * [A]n evidentiary hearing is not mandated by Crim.R. 12(B)(3) and 12(E) [or Traf.R. 11(B)(2) and 11(E) ] on every motion to suppress. 'The trial court must conduct such a hearing only where the claims in the suppression motion would justify relief, and where those claims are supported by factual allegations' *Solon v. Mallion* (1983), 10 Ohio App.3d 130, 132 [10 OBR 156, 157, 460 N.E.2d 729, 732]. The Supreme Court of Ohio in *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 219 [524 N.E.2d 889, 892], pointed out that Crim.R. 47 provides that such a motion ' * * * shall state with particularity the grounds upon which it is made * * *.' " *Engles, supra,* at 5.

The *Xenia* court stated that:

"The prosecutor must know the grounds of the challenge in order to prepare his case, and the court must know the grounds of the challenge in order to rule on evidentiary issues at the hearing and properly dispose of the merits." (Citation omitted.) *Id.* at 218, 524 N.E.2d at 892.

In this case, as set out above, appellant's motion to suppress contained only conclusory statements without setting forth any specific factual basis for the claims set forth therein. When asked by the trial court prior to the hearing to clarify his motion, appellant simply reiterated those conclusory statements.

Upon consideration of the allegations set forth in appellant's motion, appellant's oral statements made in clarification thereof in open court and the law, this court finds that appellant did not set forth factual allegations to support his claims with particularity that is sufficient to entitle him to an evidentiary hearing on his motion to suppress. Accordingly, appellant's sole assignment of error is found not well taken.

Upon consideration whereof, this court finds that substantial justice has been done the party complaining, and the judgment of the Bryan Municipal Court is affirmed. Costs assessed to appellant.

*Judgment affirmed.*

HANDWORK, P.J., and GLASSER, J., concur.