[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 524.]

THE STATE OF OHIO, APPELLANT, *v.* PARKER, APPELLEE.

[Cite as *State v. Parker*, 2002-Ohio-2833.]

*Criminal law—Defendant charged with a crime punishable by death who has waived his right to trial by jury must have his case heard and decided by a three-judge panel even if the state agrees that it will not seek the death penalty.*

(Nos. 2001-0733 and 2001-0957—Submitted March 12, 2002—Decided June 26, 2002.)

APPEAL from and CERTIFIED by the Court of Appeals for Cuyahoga County, No. 76395, 2001-Ohio-4120.

_____

SYLLABUS OF THE COURT

A defendant charged with a crime punishable by death who has waived his right to trial by jury must, pursuant to R.C. 2945.06 and Crim.R. 11(C)(3), have his case heard and decided by a three-judge panel even if the state agrees that it will not seek the death penalty.

_____

DOUGLAS, J.

{¶1} On January 12, 1995, Vincent Parker, appellee, was indicted on one count of assaulting a police officer. On February 22, 1995, appellee was indicted on three further counts. Count One charged appellee with aggravated murder with a felony-murder specification. Count Two charged appellee with aggravated robbery. Count Three charged appellee with possession of a weapon while under disability. Each of the three counts also carried a firearm specification. Pursuant to R.C. 2929.04(A)(7), these charges made appellee eligible for the death penalty. In exchange for appellee's plea of guilty to the charges, the state of Ohio, appellant,

agreed that it would not seek the death penalty. However, appellant did not amend the indictment to delete the death-penalty specification.

{¶2} On June 30, 1995, in a proceeding before the trial court, appellee waived his right to a trial by jury and his right to a three-judge panel. Appellant nolled the count of possession of a weapon under disability and deleted the firearm specification from the aggravated robbery count. Appellee then entered pleas of guilty to the remaining charges as set forth in both indictments and was sentenced, by a single trial judge, to imprisonment for a term of twenty years to life on the aggravated murder charge with no possibility of parole for twenty years, three years' actual incarceration on the firearm specification, to be served consecutively to the murder sentence, and eighteen months for the assault charge, to be served concurrently with the previous terms.

{¶3} On appeal, appellee claimed that, pursuant to R.C. 2945.06, a single trial judge lacks jurisdiction to accept a plea in a capital case and that an accused may not waive the right to a trial by a three-judge panel. The Court of Appeals for Cuyahoga County agreed, vacating appellee's sentence and remanding to the trial court for further proceedings consistent with the judgment of the court of appeals. The court then granted appellant's motion to certify to this court pursuant to Section 3(B)(4), Article IV, Ohio Constitution. The court of appeals found its judgment to be in conflict with the judgments of the court of appeals in *State v. Griffin* (1992), 73 Ohio App.3d 546, 597 N.E.2d 1178, *State v. Heddleson* (Aug. 4, 1997), Stark App. No. 1997CA00113, and *State v. Rash* (Mar. 27, 1995), Stark App. No. 94-CA-223, 1995 WL 347945. This cause is now before this court pursuant to the allowance of a discretionary appeal and upon our determination that a conflict exists.

{¶4} The question certified by the court of appeals is, "[W]hen the State agrees not to pursue the death penalty in an aggravated murder case, but does not delete the death penalty specification, does the requirement that the proceedings be

held by a three judge panel as set forth in R.C. 2945.06 and Crim.R. 11(C)(3) still apply?" We answer the certified question in the affirmative and hold, for the reasons that follow, that the single trial judge lacked authority to accept appellee's plea.

{¶5} R.C. 2945.06 provides:

{¶6} "In any case in which a defendant waives his right to trial by jury and elects to be tried by the court under section 2945.05 of the Revised Code, any judge of the court in which the cause is pending shall proceed to hear, try, and determine the cause in accordance with the rules and in like manner as if the cause were being tried before a jury. *If the accused is charged with an offense punishable with death, he shall be tried by a court to be composed of three judges.*" (Emphasis added.)

{¶7} Crim.R. 11(C)(3) provides:

{¶8} "If the indictment contains one or more specifications that are not dismissed upon acceptance of a plea of guilty or no contest to the charge, *or if pleas of guilty or no contest to both the charge and one or more specifications are accepted, a court composed of three judges shall*: (a) determine whether the offense was aggravated murder or a lesser offense; and (b) if the offense is determined to have been a lesser offense, impose sentence accordingly; or (c) if the offense is determined to have been aggravated murder, proceed as provided by law to determine the presence or absence of the specified aggravating circumstances and of mitigating circumstances, and impose sentence accordingly." (Emphasis added.)

{¶9} R.C. 2945.06 and Crim.R. 11(C)(3) clearly establish that, in a capital case where a criminal defendant has waived the right to trial by jury, a three-judge panel is required. However, appellant contends that a three-judge panel is required only where the death penalty is *actually* available as a sentencing option. Appellant relies on *State v. Griffin* (1992), 73 Ohio App.3d 546, 553, 597 N.E.2d 1178, *State v. Heddleson* (Aug. 4, 1997), Stark App. No. 1997CA00113, and *State v. Rash* (Mar. 27, 1995), Stark App. No. 94-CA-223, for the proposition that once the state

has agreed that it will not seek the death penalty, the death penalty is no longer an available sentencing option. We disagree.

{¶10} In *State ex rel. Henry v. McMonagle* (2000), 87 Ohio St.3d 543, 721 N.E.2d 1051, Henry, the criminal defendant, was originally indicted for aggravated murder with a death-penalty specification. The indictment was later amended to remove the death-penalty specification, and Henry pled guilty before and was sentenced by a single judge. Henry subsequently sought to vacate his conviction and sentence, alleging that he was entitled to a three-judge panel pursuant to R.C. 2945.06. We held that "neither R.C. 2945.06 nor Crim.R. 11(C) required an examination and determination by a three-judge panel because Henry was no longer *charged* with an offense punishable by death at the time he entered his guilty plea." (Emphasis added.) Id., 87 Ohio St.3d at 545, 721 N.E.2d 1051. "We have consistently required strict compliance with Ohio statutes when reviewing the procedures in capital cases." *State v. Filiaggi* (1999), 86 Ohio St.3d 230, 240, 714 N.E.2d 867, citing *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph one of the syllabus. "When a defendant pleads guilty to aggravated murder in a capital case, a three-judge panel is required." *State v. Green* (1998), 81 Ohio St.3d 100, 689 N.E.2d 556, syllabus.

{¶11} In the case at bar, appellee pled guilty to aggravated murder with a death-penalty specification. Therefore, under R.C. 2945.06 and Crim.R. 11(C)(3), regardless of the state's agreement that it would not seek the death penalty, appellee was still *charged* with an offense that was punishable with death. Accordingly, we hold that a defendant charged with a crime punishable by death who has waived his right to trial by jury must, pursuant to R.C. 2945.06 and Crim.R. 11(C)(3), have his case heard and decided by a three-judge panel even if the state agrees that it will not seek the death penalty.

{¶12} The three-judge-panel requirement of R.C. 2945.06 is a jurisdictional matter that cannot be waived. *State v. Filiaggi*, 86 Ohio St.3d at 239, 714 N.E.2d

867. Since there was no amendment to the indictment deleting the death-penalty specification, it was required that appellee's case be heard by a three-judge panel. The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., F.E. SWEENEY and PFEIFER, JJ., concur.

RESNICK and LUNDBERG STRATTON, JJ., dissent.

COOK and LUNDBERG STRATTON, JJ., dissent

_____

**ALICE ROBIE RESNICK, J., dissenting**.

{¶13} The majority opinion is a classic example of deciding a case based on a hypertechnicality even though the result is contrary to a reasonable interpretation of the statute in question and does not serve the ends of justice.

{¶14} In 1995 during the proceedings at issue, appellee was represented by two attorneys. At that time he waived not only his right to trial by jury but also his right to be tried by a three-judge panel. The prosecuting attorney, appellee, the defense attorneys, and the judge agreed that the death penalty would not be sought or applied. Therefore, there was no need to assign two other judges for a three-judge panel. Now, after many years have passed, a majority of this court is setting aside the appellee's guilty plea and conviction due to a questionable technical violation of R.C. 2945.06.

{¶15} A close reading of R.C. 2945.06 makes clear that only when an accused is prosecuted for an offense "punishable with death" does the statute actually come into play. In this case an agreement was entered into by all parties that the death penalty was not a possible punishment. Therefore, it was unnecessary to require that a three-judge panel preside over the acceptance of appellee's plea and subsequent sentencing.

{¶16} The majority errs by distinguishing *State ex rel. Henry v. McMonagle* (2000), 87 Ohio St.3d 543, 721 N.E.2d 1051. The majority focuses on the fact that

the indictment in that case was amended to remove the death-penalty specification, so that the defendant was no longer "charged" with an offense punishable by death, while in this case there was no such amendment. Presumably, the majority believes that because appellee technically remained "charged" with an offense punishable by death, this remained a death-penalty case.

{¶17} Although the majority's rationale for distinguishing this case from *Henry* is not totally clear, it appears that the majority may view the lack of an amendment to the indictment as equivalent to leaving the door open for the prosecution to change its mind and revert to pursuing the death sentence at some future date.

{¶18} What the majority overlooks is that once a single judge begins the consideration of whether to accept a guilty plea, the death penalty is conclusively removed as an option with just as much finality as if the indictment had been amended. See *State v. Griffin* (1992), 73 Ohio App.3d 546, 553, 597 N.E.2d 1178. That is because once proceedings such as those in the instant case convene without a three-judge panel, the offense is no longer one that is "punishable with death" within the meaning of R.C. 2945.06. Furthermore, Crim.R. 11(C)(3) clearly contemplates that the three-judge panel is appropriate only so long as the death penalty is a viable option. In particular, Crim.R. 11(C)(3)(c) requires the three-judge panel to "determine the presence or absence of the specified aggravating circumstances and of mitigating circumstances" before imposing sentence. This provision obviously has no relevance to a case in which the death penalty is no longer a viable option at the penalty phase of the proceedings. Since Crim.R. 11(C)(3)(c) has no application whatsoever to this case, it follows that the portion of Crim.R. 11(C) relied upon the majority, prefacing the duties of the three-judge panel, should have no application either when the death penalty is not an option.

{¶19} I fail to see what policy the majority is furthering when it allows appellee to renounce a plea agreement that was negotiated in good faith, with the

benefit of counsel, when the death penalty was eliminated as an option just as surely as if the indictment had been amended. I believe that no substantial rights of appellee were affected by the circumstances under review in this case. The judgment of the court of appeals should be reversed, and appellee's guilty plea and sentence reinstated.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

_____

**COOK, J., dissenting.**

{¶20} Today's majority concludes that "[t]he three-judge-panel requirement of R.C. 2945.06 is a jurisdictional matter that cannot be waived." In so holding, the majority has necessarily decided that the trial court lacked *subject matter jurisdiction* over Parker's trial. See, e.g., *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus ("A judgment rendered by a court lacking subject matter jurisdiction is void *ab initio*"); *State v. Wilson* (1995), 73 Ohio St.3d 40, 46, 652 N.E.2d 196 (noting that subject matter jurisdiction "cannot be waived"). Because the majority confuses the want of subject matter jurisdiction (which is never waived) with defects in the court's exercise of jurisdiction (which are waivable), I respectfully dissent.

{¶21} Of the various appellate cases that have analyzed the three-judge-panel requirement, I find the Ninth District Court of Appeals' discussion in *State v. Swiger* (1998), 125 Ohio App.3d 456, 708 N.E.2d 1033, to be the most instructive. In that case, Michael Swiger, who was tried for capital offenses before a single judge but ultimately convicted of noncapital crimes, sought postconviction relief asserting that his convictions were void. Like Parker in this case, Swiger waived his right to a jury trial and also waived his statutory entitlement to a three-judge panel. Nevertheless, Swiger argued that R.C. 2945.06 divested the trial court of subject matter jurisdiction to try him absent the three-judge panel.

**{¶22}** In rejecting Swiger's challenge, the court of appeals refused to equate the lack of a three-judge panel with a lack of subject matter jurisdiction. Writing for a unanimous court, Judge Dickinson correctly recognized that the term "jurisdiction" encompasses at least three distinct concepts: (1) subject matter jurisdiction, (2) jurisdiction over the person, and (3) jurisdiction over the particular case. Id. at 462, 708 N.E.2d 1033. "The third category of jurisdiction encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction. It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable." (Citation omitted.) Id. See, also, *Browning v. Walters* (Ind.App.1993), 620 N.E.2d 28, 31; *In re Waite* (1991), 188 Mich.App. 189, 199-200, 468 N.W.2d 912; *Morrison v. Bestler* (1990), 239 Va. 166, 169, 387 S.E.2d 753.

**{¶23}** With these distinctions in mind, the *Swiger* court carefully analyzed which category of jurisdiction encompassed R.C. 2945.06's requirement that a three-judge panel preside over cases involving capital offenses. As a fundamental matter, an Ohio court of common pleas "has original jurisdiction over all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03. Given this unquestioned and unambiguous statutory grant of subject matter jurisdiction over serious offenses, Judge Dickinson reasoned that the three-judge panel required by R.C. 2945.06 could be nothing other than "a procedural protection that, even if arguably 'jurisdictional,' falls within [the] third category of jurisdiction." *Swiger*, 125 Ohio App.3d at 463, 708 N.E.2d 1033. Thus, the *Swiger* court concluded that the "[d]efendant's conviction may have been voidable, but it was not void for lack of subject matter jurisdiction." Id. at 465, 708 N.E.2d 1033; cf. *Commonwealth v. Smith* (1985), 230 Va. 354, 361, 337 S.E.2d 278 (holding that the court of appeals

was not divested of subject matter jurisdiction when a single judge, instead of the three-judge panel required by statute, decided the merits of a cause).

{¶24} *Swiger*'s persuasive analysis should dictate the outcome of this case. Not only does it accurately differentiate between the different jurisdictional categories, it is also consistent with this court's implicit recognition that the term "jurisdictional" does not always mean subject matter jurisdiction. See *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766. In *Pless*, this court reversed a capital conviction based on the absence in the record of a written jury-trial waiver as required by R.C. 2945.05. The *Pless* majority held that "a trial court *lacks jurisdiction* to try the defendant without a jury" absent strict compliance with R.C. 2945.05. (Emphasis added.) Id. at paragraph one of the syllabus. In the very same case, however, the majority also held that "[t]he failure to comply with R.C. 2945.05 may be remedied *only in a direct appeal* from a criminal conviction." (Emphasis added.) Id. at paragraph two of the syllabus. As Judge Dickinson keenly observed in *Swiger*, these two paragraphs are subject to only one interpretation:

{¶25} "If the 'jurisdiction' to which the [*Pless*] court referred were subject matter jurisdiction, by its very nature, it would be open to challenge at any time. By holding that this defect in the trial court's 'jurisdiction' can be waived if not timely raised, the Supreme Court was apparently referring to something other than subject matter jurisdiction. Moreover, it recognized this type of 'jurisdiction' in a situation [i.e., written waiver of a jury trial] analogous to defendant's waiver of a three-judge panel." *Swiger*, 125 Ohio App.3d at 465, 708 N.E.2d 1033.

{¶26} In light of the foregoing, I would hold that the trial court's failure to convene a three-judge panel in this case was not a defect that deprived the court of subject matter jurisdiction. Parker was charged with criminal offenses over which the court of common pleas had unquestioned subject matter jurisdiction; thus, "[a]ny subsequent error in the proceedings [was] only error in the 'exercise of jurisdiction,' as distinguished from the want of jurisdiction in the first instance." *In*

*re Waite*, 188 Mich.App. at 200, 468 N.W.2d 912. Parker's convictions for the noncapital offenses were voidable at most and, in this case, they were not even that given his waiver of both a jury trial and a trial by a three-judge panel.[1] This court should reverse the judgment of the court of appeals and reinstate Parker's convictions.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

––––––––––––––

William D. Mason, Cuyahoga County Prosecuting Attorney, and Lisa Reitz Williamson, Assistant Prosecuting Attorney, for appellant.

James A. Draper, Cuyahoga County Public Defender, and Patricia Koch Windham, Assistant Public Defender, for appellee.

David H. Bodiker, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, urging affirmance for amicus curiae Ohio Public Defender.

––––––––––––––

---

1. Because this case involves a defendant convicted only of noncapital crimes, I express no opinion on the question whether a single judge could sentence a defendant to death notwithstanding a waiver of the three-judge panel. But, see, *State v. Griffin* (1992), 72 Ohio App.3d 546, 553, 597 N.E.2d 1178 (expressing the view that "the death penalty option was extinguished the moment [the defendant] was placed in jeopardy in the trial" before a single judge).