The STATE of Ohio, Appellee,

v.

HARWELL, Appellant.

[Cite as *State v. Harwell*, 149 Ohio App.3d 147, 2002-Ohio-4349.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–00–1356.

Decided Aug. 23, 2002.

---

Julia R. Bates, Lucas County Prosecuting Attorney, and Jeffrey D. Lingo, Assistant Prosecuting Attorney, for appellee.

Jeffrey M. Gamso, for appellant.

SHERCK, Judge.

{¶ 1} This appeal is from the October 19, 2000 judgment of the Lucas County Court of Common Pleas, which sentenced appellant following his plea of no contest to charges of aggravated murder, rape, and aggravated burglary. Because we find that the three-judge panel violated appellant's rights by allowing the victim's relatives to give sentencing recommendations, we reverse the sentence of the lower court and remand this case to the lower court for resentencing. Appellant, Robert L. Harwell, asserts the following assignments of error on appeal:

## Assignment of Error No. 1

{¶ 2} "The three-judge panel erred in accepting statements from three representatives of the victim's family, two of whom asked the court for particular sentences and the third of whom addressed appellant rather than the court, before deliberating on the sentence to be imposed.

## Assignment of Error No. 2

{¶ 3} "Appellant was denied his constitutional right to the effective assistance of counsel when his trial counsel failed to object to improper victim impact testimony and also failed to object to admission of appellant's juvenile record.

### Assignment of Error No. 3

{¶ 4} "The three-judge panel improperly balanced aggravating circumstances against mitigating factors, weighing the nature and circumstances of the offense on the side of aggravation and considering appellant's improperly admitted juvenile record against mitigation."

{¶ 5} Under his first assignment of error, appellant argues that the three-judge panel made three separate errors regarding the statements made to the court by the victim's family members prior to sentencing. First, he argues that the three-judge panel erred by allowing three members of the deceased victim's family to give a victim-impact statement.

{¶ 6} R.C. Chapter 2930 sets forth various rights of victims in criminal proceedings. R.C. 2929.19(A)(1) ensures that the victim or the victim's representative will have an opportunity to speak at the sentencing hearing. R.C. 2930.02(A) provides that "a member of a victim's family * * * may exercise the rights of the victim * * * as the victim's representative." If more than one person wishes to act as the representative, the court "shall designate one of those persons as the victim's representative."

{¶ 7} While only one person may act as the victim's representative, R.C. 2930.02(A) does not limit the trial court's discretion regarding the number of people who may speak at the sentencing hearing. R.C. 2929.19(A)(1) provides that the trial court has the discretion to permit any person with information relevant to the imposition of sentence to speak at the sentencing hearing. Accord *State v. Agner*, Logan App. No. 8–01–25, 2002-Ohio-2352, 2002 WL 1001033, at ¶ 15. Appellant has failed to demonstrate that the three-judge panel abused its discretion when it allowed more than one family member to speak in this case.

{¶ 8} Second, appellant argues that the three-judge panel erred by permitting the victim's family to make sentencing recommendations. Two of the family members asked the panel of judges to give appellant life without parole.

{¶ 9} Appellant contends that these statements were improper because this was a capital case. A victim's or victim representative's opinion of the proper punishment for the defendant in a capital case "violate[s] the defendant's constitutional right to have the sentencing decision made by the jury and judge." *State v. Huertas* (1990), 51 Ohio St.3d 22, 553 N.E.2d 1058, syllabus.

{¶ 10} Appellee contends, however, that this was not a capital case because the death penalty could not have been imposed due to appellant's age. Appellant was indicted pursuant to R.C. 2929.04(A)(7)[1] for aggravated murder with two

---

1. {¶ a} "(A) Imposition of the death penalty for aggravated murder is precluded unless one or more of the following is specified in the indictment or count in the indictment pursuant to section 2941.14 of the Revised Code and proved beyond a reasonable doubt:

death-penalty specifications. Appellee is correct insofar as the death penalty could not have been imposed in this case because appellant was a minor at the time of the offense. R.C. 2929.02(A). See, also, R.C. 2929.03(D)(1).

{¶ 11} On the authority of the recently decided Ohio Supreme Court case of *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, at ¶ 11, we find that appellant was, however, entitled to the full rights of a capital defendant because he was indicted for a capital crime with death-penalty specifications. This is so even though he could not receive the death penalty. Therefore, it was reversible error for the court to allow family members to ask for a particular sentence.

{¶ 12} Finally, appellant contends that the three-judge panel erred by allowing one of the victim's family members to address appellant rather than the panel of judges. We agree with appellant that R.C. Chapter 2930 permits a victim or others to address the court with relevant information regarding sentencing. However, an appellate court's role is to review the trial court's action for prejudicial error. Appellant has failed to show how the statements made to him by the victim's sister prejudiced his sentence. Plain error is recognized only where, but for the alleged error, the outcome of the proceeding would have been different. *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraphs two and three of the syllabus.

{¶ 13} Accordingly, appellant's first assignment of error is well taken in part. We find that the trial court committed reversible error by permitting the victim's relatives to make sentencing recommendations.

{¶ 14} In his second assignment of error, appellant argues that he was denied his constitutional right to effective assistance of counsel because his counsel failed to object to the improper victim-impact testimony and because he failed to object to the introduction of his juvenile record into evidence.

{¶ 15} To establish a claim of ineffective assistance of appointed counsel, the defendant must show that his counsel's representation "[fell] below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768. The ultimate test to determine whether an accused had effective retained counsel "is whether the accused, under all the circumstances, including the fact that he had retained counsel, had a fair trial and

---

{¶ b} "* * *
{¶ c} "(7) The offense was committed while the offender was committing * * * rape * * * or aggravated burglary, and * * * the offender was the principal offender * * *."

substantial justice was done." *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. A properly licensed attorney is presumed to have acted in a competent manner. Therefore, the burden is on the defendant to prove otherwise. *State v. Lott* (1990), 51 Ohio St.3d 160, 175, 555 N.E.2d 293.

{¶ 16} Appellant argues that his appointed counsel should have objected to the introduction of his juvenile record into evidence. He argues that his juvenile record was irrelevant to the issue of whether the aggravating circumstances were outweighed by the mitigating factors. He argues that it would only have been relevant if there had been evidence that he had led a law-abiding life up until the time of this offense.

{¶ 17} We find that there was no error regarding the admission of appellant's juvenile record into evidence. Appellant himself brought up the issue of his juvenile record when presenting mitigating evidence. Since this is an acceptable trial strategy, appellant cannot now claim that his counsel rendered ineffective assistance. *State v. Hamblin* (1988), 37 Ohio St.3d 153, 157, 524 N.E.2d 476, certiorari denied (1989), 488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550, and *State v. Burgins* (1988), 44 Ohio App.3d 158, 160, 542 N.E.2d 707. With respect to the issue of the failure of appellant's counsel to object to the victim-impact statements, we find that his appointed counsel rendered ineffective assistance for the reasons stated under appellant's first assignment of error. Therefore, we find appellant's second assignment of error well taken in part.

{¶ 18} In his third assignment of error, appellant argues that the three-judge panel improperly weighed the nature and circumstances of the offense as aggravating circumstances against the mitigating factors and considered appellant's juvenile record, which he previously contended was improperly admitted into evidence.

{¶ 19} R.C. 2929.04(B) provides:

{¶ 20} "(B) If one or more of the aggravating circumstances listed in division (A) of this section is specified in the indictment or count in the indictment and proved beyond a reasonable doubt, and *if the offender did not raise the matter of age pursuant to section 2929.023* of the Revised Code *or if the offender, after raising the matter of age, was found at trial to have been eighteen years of age or older at the time of the commission of the offense,* the court, trial jury, or panel of three judges shall consider, and *weigh against the aggravating circumstances proved beyond a reasonable doubt, the nature and circumstances of the offense, the history, character, and background of the offender,* and all of the following factors:

{¶ 21} "* * *

{¶ 22} "(7) Any other factors that are *relevant to the issue of whether the offender should be sentenced to death.*" (Emphasis added.)

{¶ 23} Under this section, the three-judge panel is required to weigh against the aggravating circumstances "the nature and circumstances of the offense, the history, character, and background of the offender" and the statutory mitigating circumstances that were found to exist in the case as well as any other factor "relevant to the issue of whether the offender should be sentenced to death." R.C. 2929.04(B)(7).

{¶ 24} In its opinion, the three-judge panel found that the "aggravating circumstances outweigh the mitigation factors" beyond a reasonable doubt. It then stated:

{¶ 25} "In this regard, the Court stresses the heinousness of the execution-style killing of Mrs. Harris by means of two gunshots from a distance of two or three inches, one immediately below each eye of the victim; the intense violence of the facial knife slash this defendant inflicted on Mrs. Harris; and the violent, perverted and wholly gratuitous nature of the rape.

{¶ 26} "Set against these aggravating circumstances, this Court finds * * *."

{¶ 27} We agree with appellant that the panel in this case improperly considered the nature and circumstances of the crime as aggravating circumstances which it then weighed against the mitigation factors, contrary to the dictates of the R.C. 2929.04(B). See, also, *State v. Wogenstahl* (1996), 75 Ohio St.3d 344, 662 N.E.2d 311, paragraph one of the syllabus; *State v. Johnson* (1986), 24 Ohio St.3d 87, 24 OBR 282, 494 N.E.2d 1061, syllabus, overruled in part on other grounds by *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492; *State v. Nields* (2001), 93 Ohio St.3d 6, 40, 752 N.E.2d 859; *State v. Jackson* (2001), 92 Ohio St.3d 436, 442, 751 N.E.2d 946; *State v. Jones* (2000), 90 Ohio St.3d 403, 422, 739 N.E.2d 300; *State v. Green* (2000), 90 Ohio St.3d 352, 361, 738 N.E.2d 1208; *State v. Bey* (1999), 85 Ohio St.3d 487, 495–496, 709 N.E.2d 484; *State v. Hoffner* (Mar. 23, 2001), Lucas App. No. L–95–181, at 32–38, 2001 WL 279768; *State v. Thomas* (June 30, 1999), Lucas App. No. L–96–020, at 21–24, 1999 WL 436552.

{¶ 28} Having found that the trial court committed error prejudicial to appellant by allowing the victim's family members to make sentencing recommendations and further erred when it improperly considered the nature and circumstances of the crime as aggravating circumstances, we reverse the judgment of the Lucas County Court of Common Pleas and remand for resentencing. Pursuant to App.R. 24, appellee is hereby ordered to pay the court costs incurred on appeal.

Judgment reversed.

MELVIN L. RESNICK, J., concurs.

HANDWORK, J., dissents.

PETER M. HANDWORK, Judge, dissenting.

{¶ 29} I respectfully dissent from the majority regarding the rights of a juvenile in an aggravated murder case.

{¶ 30} R.C. 2901.02(B), effective July 1, 1996, defines a capital offense as only those offenses for which the death penalty can be imposed. That statute provides as follows:

{¶ 31} "Aggravated murder when the indictment or the count in the indictment charging aggravated murder contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of [the] Revised Code, and any other offense for which death may be imposed as a penalty, is a capital offense."

{¶ 32} A similar prior version of this statute was interpreted as providing that aggravated murder was a capital offense only when the indictment contained specifications which would carry the death penalty. *State ex rel. Corrigan v. McAllister* (1985), 18 Ohio St.3d 239, 240–241, 18 OBR 296, 480 N.E.2d 783. *State v. Parker,* 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, reiterates this same holding that the indictment controls the determination of whether the offense is a capital offense.

{¶ 33} Other appellate courts relied upon *Corrigan* to hold that a juvenile charged with murder is not entitled to the rights afforded to a capital defendant since he could not be sentenced to death. *State v. Williams* (May 15, 1997), Franklin App. No. 96APA08–1077, at 15–17, 1997 WL 254114; *State v. Walk* (Nov. 14, 1995), Franklin App. No. 95APA03–268, at 18–23, 1995 WL 681198; *State ex rel. Fyffe v. Evans* (Apr. 11, 1990), Coshocton App. No. 90–CA–4, 1990 WL 52518, affirmed on other grounds (1991), 62 Ohio St.3d 62, 577 N.E.2d 1094, and *State v. Cohen* (Apr. 29, 1988), Lake App. No. 12–011, at 31–32, 1988 WL 41545.

{¶ 34} Following the reasoning of the other appellate districts, I would find that since appellant was not subject to the death penalty, he was not charged with a capital offense, irrespective of whether he was indicted with specifications that carry the death penalty. Therefore the rights afforded to a defendant in a capital case should not be extended to appellant. I believe that the *Parker* case should be limited to adult defendants. Therefore, I would find that the three-judge panel did not err by permitting the victim's family to express their recommendations regarding sentencing.

{¶ 35}  Furthermore, I would find that although the three-judge panel improperly weighed the nature and circumstances of the offense and the aggravating circumstances against the mitigating circumstances, it did not commit prejudicial error.  Since appellant is under the age of eighteen and may not be sentenced to death, the R.C. 2929.04(B) procedure is not applicable to him.  The issue of balancing aggravating circumstances and mitigating factors relates only to the determination of whether to sentence a convicted defendant to death, not whether he is entitled to parole.  I would find that the sentence does not violate any statutory requirements and, therefore, is not prejudicial to appellant.  Otherwise, judicial resources are wasted determining issues that are irrelevant to the juvenile defendant.