The STATE of Ohio, Appellee,

v.

KOGER, Appellant.

[Cite as *State v. Koger*, 151 Ohio App.3d 534, 2003-Ohio-576.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–00–1033.

Decided Feb. 7, 2003.

Julia R. Bates, Lucas County Prosecuting Attorney, and Jeffrey D. Lingo, Assistant Prosecuting Attorney, for appellee.

Spiros P. Cocoves, for appellant.

Knepper, Judge.

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant Cecil Koger, a minor, guilty of one count of aggravated murder and one count of aggravated robbery with specifications that would have made appellant eligible for the death penalty had he been an adult. For the reasons that follow, this court reverses the judgment of the trial court.

{¶ 2} The facts relevant to the issues raised on appeal are as follows. After appellant was charged with aggravated murder, the Lucas County Juvenile Prosecutor's Office moved the Lucas County Court of Common Pleas, Juvenile Division, to relinquish jurisdiction over appellant, who was 16 years of age at the time of the offense as charged, and transfer the case to the Lucas County Court of Common Pleas, General Division, for prosecution as an adult pursuant to Juv.R. 30(A). On December 9, 1998, following a hearing held that same day, the Lucas County Court of Common Pleas, Juvenile Division, ordered that appellant and the case be transferred to the Lucas County Court of Common Pleas, General Division, for all further proceedings. On December 11, 1998, appellant was indicted on one count of aggravated murder in violation of R.C. 2903.01(B) with specifications pursuant to R.C. 2929.04(A)(7) and 2941.14 that the murder was committed in the course of aggravated robbery and that appellant was the principal offender, and one count of aggravated robbery in violation of R.C. 2911.01(A)(1). Both counts contained firearm specifications. On December 31, 1998, appellant entered pleas of not guilty to each count and the accompanying specifications.

{¶ 3} On November 15, 1999, appellant waived, in writing, his right to a jury trial and to a three-judge panel, electing to have the case heard by a single judge. Trial was held before a single judge and appellant was found guilty on all counts and specifications. Appellant was sentenced to serve thirty years to life imprisonment as to the aggravated murder count, with an additional three years for the firearm specification, and two years' imprisonment as to the aggravated robbery count, to be served concurrently with the first count.

{¶ 4} Appellant filed a timely appeal of his convictions, setting forth several assignments of error. After both parties had submitted their briefs to this court, appellant submitted a request to reopen briefing to address the issue of the propriety of the waiver of the three-judge panel in his case, based on the decision of the Supreme Court of Ohio in State v. Parker, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846. On October 8, 2002, this court granted the request and appellant filed a supplemental brief.

{¶ 5} In support of his supplemental assignment of error, appellant asserts that the trial court erred by accepting appellant's waiver of the three-judge panel

and as a result lacked jurisdiction to hear the trial and render a verdict and sentence.

{¶ 6} The charges against the defendant in *Parker, supra,* made him eligible for the death penalty. In exchange for a plea of guilty to the charges, the state agreed not to seek the death penalty, but the indictment was never amended to delete the death-penalty specification. Parker subsequently waived his right to trial by a jury and his right to a three-judge panel and was sentenced by a single trial judge. On appeal, Parker asserted that pursuant to R.C. 2945.06, a single trial judge lacks jurisdiction to accept a plea in a capital case and that an accused may not waive his right to have his case heard by a three-judge panel. The Court of Appeals for Cuyahoga County agreed and vacated Parker's sentence, remanding it to the trial court for resentencing. Because the court of appeals found its judgment to be in conflict with the judgments of several other appellate districts in Ohio, the court certified the matter to the Supreme Court of Ohio. *State v. Parker* (Feb. 22, 2001), Cuyahoga App. No. 76395, 2001 WL 175546.

{¶ 7} In *Parker,* the state argued that a three-judge panel is required only where the death penalty is actually available as a sentencing option. The Supreme Court, however, reasoned that Parker pled guilty to aggravated murder with a death-penalty specification and that, regardless of the state's agreement not to seek the death penalty, Parker was still charged with an offense that was punishable with death. The court accordingly held that the three-judge-panel requirement of R.C. 2945.06 is a jurisdictional matter that cannot be waived, *State v. Filiaggi* (1999), 86 Ohio St.3d 230, 239, 714 N.E.2d 867, and that a defendant charged with a crime punishable by death who has waived his right to a trial by jury must have his case heard and decided by a three-judge panel even if the state agrees that it will not seek the death penalty. Since there was no amendment to the indictment deleting the death-penalty specification in *Parker,* his case was required to be heard by a three-judge panel.

{¶ 8} It is clear to this court that the *Parker* court's decision turned on the fact that the defendant was charged with an offense that was punishable with death, regardless of the fact that the death penalty was not going to be imposed. In the case before us, Koger was charged with a capital offense, although the death penalty was never available as a sentencing option due to his age. The Supreme Court stressed in *Parker* that the three-judge-panel requirement is a jurisdictional matter that cannot be waived. Therefore, based on the authority of *State v. Parker,* this court finds that because appellant was charged with a capital offense, his case was required to be heard by a three-judge panel. Accordingly, the trial court erred by allowing appellant's case to be heard by a single judge. Appellant's supplemental assignment of error is well taken.

{¶ 9}  Based upon the foregoing, appellant's assignments of error as set forth in his initial brief are moot.  The judgment of the Lucas County Court of Common Pleas is hereby reversed, and this case is remanded for a new trial. Costs of this appeal are assessed to appellee.

Judgment reversed.

PIETRYKOWSKI, J., concurs.

HANDWORK, P.J., dissents.

HANDWORK, Presiding Judge, dissenting.

{¶ 10}  I respectfully dissent from the majority for the reasons which I expressed in the dissent in *State v. Harwell*, 149 Ohio App.3d 147, 2002-Ohio-4349, 776 N.E.2d 524.  I believe that *Parker*, supra, should be limited to adult defendants, and that since defendant herein, a juvenile, was not subject to the death penalty, he was not charged with a capital offense, irrespective of whether he was indicted with specifications that carry the death penalty.  Therefore, the rights afforded to a defendant in a capital case should not be extended to appellant herein.