[Cite as *State v. Simpson*, 2011-Ohio-4955.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96154**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DORIAN SIMPSON

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-523690

**BEFORE:** S. Gallagher, P.J., Keough, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 29, 2011

**ATTORNEY FOR APPELLANT**

Donald R. Murphy
12800 Shaker Blvd.
Shaker Heights, Ohio   44120

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Ma'rion D. Horhn
        Steven E. Gall
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, P.J.:

{¶ 1}   Appellant, Dorian Simpson, appeals his conviction in the Cuyahoga County Court of Common Pleas for aggravated murder, murder, aggravated robbery, and receiving stolen property, all with one- and three-year firearm specifications.  For the reasons stated herein, we affirm.

{¶ 2}   The charges in this case arose from incidents that occurred on November 29, 2008, which included the murder of Johnnie Boyd.  Appellant, who was 16 years old at the time of the offenses, was charged as a juvenile and was bound over to

the court of common pleas to be tried as an adult. He pled not guilty to the indicted charges and waived a jury trial.

{¶ 3} At the bench trial, testimony was presented concerning the events that transpired. On the evening of the murder, Jerry Brown, Dennis Hutcherson, and appellant were riding around on bikes and were looking for a car to steal. They came across a red Dodge Caravan. Appellant "peeled the window," Brown "peeled the column," and they started the vehicle. The trio picked up Dominick Kilgore, and the four men drove around looking for another car to steal. With appellant driving the van, the group went to an apartment complex located at 5111 Hector Avenue in Cleveland. The victim was working as a security guard at the apartment complex.

{¶ 4} The four men spotted the victim's 1985 Cutlass with prominent rims in the parking lot. After discovering they could not peel the column, the group went to obtain a gun. The plan was to rob the victim and to take his keys for the vehicle. When they returned to the apartment complex, the victim approached the van to inquire about their presence on the property. The group indicated they were waiting for somebody. The victim returned to the building and began talking with Peter Bush, an armed security officer, who was visiting a friend at the apartment complex.

{¶ 5} The victim returned to the parking lot, and appellant pulled the van up to the victim. As the victim started to run, Kilgore opened the side door and fired three shots at the victim. The third shot struck the victim in the head, killing him.

{¶ 6} Kilgore and Brown exited the van, obtained the victim's keys, and drove off in the victim's car. Appellant and Hutcherson left the scene in the van. After discovering they could not take the rims off the car without a special tool, they parked the car in an abandoned garage. It was then stolen from the garage by other individuals.

{¶ 7} Police detectives were able to discover the identity of the four individuals involved in the murder. Appellant turned himself in to the police and was accompanied by his father. He gave a verbal and a written statement, with his father present. Appellant admitted the following: helping to open the window to the stolen van; joyriding and looking for another car to steal; driving to pick up the gun and to the crime scene; knowing Kilgore was going to rob the victim for his keys; pulling out in front of the victim; knowing the victim was shot in the head and his keys were obtained; and driving away in the van after the victim was shot.

{¶ 8} The trial court found appellant guilty of murder (R.C. 2903.02), aggravated murder (R.C. 2903.01(B)), aggravated robbery (R.C. 2911.01(A)(1)), and receiving stolen property (R.C. 2913.51(A)), all with one- and three-year firearm specifications. The court sentenced appellant to life in prison with the possibility of parole after 25 years, plus three mandatory years for the firearm specification.

{¶ 9} Appellant filed this appeal, raising four assignments of error for our review. His first assignment of error provides as follows: "A single trial court judge lacked jurisdiction and erred by accepting appellant's waiver of the three-judge panel and as a

result lacked jurisdiction to hear the trial and render a verdict and sentence to aggravated murder."

{¶ 10} Appellant argues that his case should have been heard and decided by a three-judge panel and that this requirement could not be waived. We find no merit to this argument.

{¶ 11} R.C. 2945.06, the statute providing for trial by a three-judge panel, is limited to trials where "the accused is charged with an offense punishable with death." Where the accused is charged with an offense that contains no circumstances or specifications that would subject him to the death penalty, the three-judge panel requirements of R.C. 2945.06 are inapplicable. *State ex rel. Henry v. McMonagle*, 87 Ohio St.3d 543, 544, 2000-Ohio-477, 721 N.E.2d 1051; *State v. Porterfield*, Trumbull App. No. 2008-T-0002, 2008-Ohio-5948, ¶ 20; *State v. West*, Lorain App. No. 04CA008554, 2005-Ohio-990, ¶ 36-38.

{¶ 12} Appellant's reliance on *State v. Koger*, 151 Ohio App.3d 534, 2003-Ohio-576, 784 N.E.2d 780, is inapposite. In *Koger*, the juvenile defendant was charged with aggravated murder and aggravated robbery with accompanying specifications that would have made him eligible for the death penalty had he been an adult. Under those circumstances, the court found that even though the death penalty was not available as a sentencing option, the case was required to be heard by a three-judge panel, as a jurisdictional matter that could not be waived. Id.

{¶ 13} In this case, the charges included only firearm specifications and the indictment did not specify any aggravating circumstances that could subject appellant to capital punishment. See R.C. 2929.04(A). Because appellant was not "charged with an offense punishable by death," R.C. 2945.06 was inapplicable to the plea proceedings and appellant did not have to be tried to a three-judge panel. Appellant's first assignment of error is overruled.

{¶ 14} Appellant's second assignment of error provides as follows: "The state violated appellant's right to a speedy trial, and trial counsel's failure to assert that right by filing a motion to dismiss denied appellant effective assistance of counsel * * *."

{¶ 15} Appellant claims that his speedy trial rights were violated and that his counsel was ineffective for failing to seek a dismissal of the action on speedy-trial grounds.

{¶ 16} "Speedy-trial provisions are mandatory, and, pursuant to R.C. 2945.73(B), a person not brought to trial within the relevant time constraints 'shall be discharged,' and further criminal proceedings based on the same conduct are barred. R.C. 2945.72(D)." *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 7. Pursuant to R.C. 2945.71(C)(2), a person against whom a charge of felony is pending shall be brought to trial within 270 days after his arrest. However, under R.C. 2945.71(E), each day the defendant spends in jail in lieu of bail on the pending charges is counted as three days. There are a number of events listed under R.C. 2945.72 that may toll the time within which the defendant must be brought to trial. Further, in the juvenile bindover context,

the Ohio Supreme Court has held that the time for speedy trial commences to run the day after a juvenile court relinquishes jurisdiction. *State v. Bickerstaff* (1984), 10 Ohio St.3d 62, 67, 461 N.E.2d 892, citing *State ex rel. Williams v. Court of Common Pleas* (1975), 42 Ohio St.2d 433, 435, 329 N.E.2d 680.

{¶ 17} In this case, the juvenile court relinquished jurisdiction on April 20, 2009. Thus, time began to run on April 21, 2009. Because appellant was incarcerated since the time of his arrest, he was required to be brought to trial within 90 days pursuant to the triple-count provision. The record reflects a number of tolling events occurred, including the following, among others.

{¶ 18} On May 8, 2009, and May 13, 2009, appellant filed demands for discovery and a motion for bill of particulars. Motions filed by the defendant tolls the speedy trial time under R.C. 2945.72(E) for a "reasonable period" to allow the state an opportunity to respond and the court an opportunity to rule. *Sanchez*, 110 Ohio St.3d 274. This court has found 30 days to be a reasonable time to respond to such requests. *State v. Shabazz*, Cuyahoga App. No. 95021, 2011-Ohio-2260, ¶ 26.

{¶ 19} The record reflects that a pretrial scheduled for June 11, 2009, was continued to June 25, 2009, and a pretrial scheduled for August 5, 2009, was continued to August 19, 2009, both at the request of the appellant. The August 19, 2009 pretrial then was continued by the court to September 10, 2009, because of the filing of motions. The speedy-trial period is tolled by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the

accused's own motion[.]" R.C. 2945.72(H); *State v. Baker* (1993), 92 Ohio App.3d 516, 530, 636 N.E.2d 363.

{¶ 20} Furthermore, appellant executed written speedy trial waivers on September 17, 2009, March 3, 2010, and June 7, 2010, effectively waiving time until October 1, 2010. The waivers were made in writing and in open court. In light of the tolling events that had occurred, the initial waiver was made before the speedy trial time had run. An accused may waive his rights to a speedy trial, provided the waiver is expressed in writing or made in open court on the record. *State v. King*, 70 Ohio St.3d 158, 1994-Ohio-412, 637 N.E.2d 903, syllabus.

{¶ 21} Upon our review, we find appellant's right to a speedy trial was not violated. Accordingly, appellant's second assignment of error is overruled.

{¶ 22} Appellant's third assignment of error provides as follows: "The court failed to hold a hearing and decide a motion to suppress the confession of a juvenile who was denied his rights to an attorney, to be present during interrogation in violation of his fifth amendment rights."

{¶ 23} On May 8, 2009, appellant filed a motion to suppress illegally obtained evidence. The motion sets forth boilerplate language seeking to suppress evidence illegally and unconstitutionally obtained by the state. The motion fails to set forth any factual basis for the suppression of evidence. Insofar as no ruling was entered on the motion, the failure to rule on a pretrial motion constitutes harmless error unless it adversely affects the substantial rights of the defendant. *State v. Clark* (Feb. 1, 1996),

Cuyahoga App. No. 67305; *State v. Tolbert* (1990), 70 Ohio App.3d 372, 388, 591 N.E.2d 325.

{¶ 24} On appeal, appellant challenges the circumstances surrounding his confession, which was made without the presence of an attorney.[1] No such basis was asserted in his motion to suppress. Appellant argues that the trial court should have held a hearing to determine if his statements were unlawfully obtained.

{¶ 25} The Ohio Supreme Court has stated that "in order to require a hearing on a motion to suppress evidence, the defendant must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and court on notice of the issues to be decided." *State v. Shindler*, 70 Ohio St.3d 54, 58, 1994-Ohio-452, 636 N.E.2d 319. Further, this court has consistently recognized that "[a] motion to suppress may be overruled without a hearing when the motion consists of nothing but a boilerplate recitation of all the possible objections to the admission of evidence." *State v. Djuric*, Cuyahoga App. No. 87745, 2007-Ohio-413, ¶ 33, citing *State v. Clark* (Feb. 1, 1996), Cuyahoga App. No. 67305, citing *Bryan v. Fox* (1991), 76 Ohio App.3d 607, 602 N.E.2d 753.

{¶ 26} Because the motion that was filed in this case was devoid of any factual basis to support the suppression of evidence, the court was permitted to overrule the

---

[1] The record shows that appellant was accompanied by his father. The statement also reflects *Miranda* warnings were given.

motion without a hearing and did not prejudice appellant's rights.  See *Clark*, supra.

Appellant's third assignment of error is overruled.

{¶ 27} Appellant's fourth assignment of error provides as follows:  "The conviction against [the defendant] is against the manifest weight of the evidence when there was no substantial evidence upon which a trier of fact could reasonably conclude that the elements had been proven beyond a reasonable doubt."

{¶ 28} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."   (Internal citations and quotations omitted.)   *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 81.

{¶ 29} Appellant challenges the credibility of Brown's testimony.  He further asserts that although he was in the driver's seat of the van, he never exited the van  and did not obtain anything of monetary value.  He claims the evidence did not show that he purposely intended to cause the death of the victim.

{¶ 30} Our review of the testimony and evidence in this case reflects that there was substantial evidence showing that appellant assisted in stealing the van by "peeling the window"; he and the three other men were looking for another vehicle to steal; he drove

the van and took the group to get the gun; he was aware of the intent to rob the victim and steal his vehicle; he drove the group back to the crime scene; he drove up to the victim, upon which the van door was opened and the victim was shot in the head; and he was aware the victim was shot and his keys were obtained. Insofar as witness credibility has been questioned, our review reflects the testimony and evidence presented at trial was largely consistent and corroborative. Additionally, appellant provided a statement to the police consistent with the testimony provided at trial. Upon this record, we find that the court could reasonably conclude that all the elements of the crimes, including the requisite intent, had been proved beyond a reasonable doubt.

{¶ 31} We conclude that the convictions were not against the manifest weight of the evidence. Appellant's fourth assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR