This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, John McDerment, appeals from the judgment of the Lorain County Court of Common Pleas denying his petition for post-conviction relief. We affirm.
{¶ 2} The State charged Defendant with delinquency and moved to bind him over to the Lorain County Court of Common Pleas for trial as an adult. Following a probable cause hearing and an amenability hearing, the juvenile court bound Defendant's case over to the grand jury. On August 3, 1993, the Lorain County Grand Jury indicted Defendant on twelve separate counts: (1) aggravated murder, in violation of R.C. 2903.01(A); (2) aggravated murder, in violation of R.C. 2903.01(B); (3) aggravated arson, in violation of R.C. 2909.02(A)(1); (4) aggravated arson, in violation of R.C. 2909.02(A)(2); (5) three counts of attempted murder, in violation of R.C. 2903.02(A) and 2923.02(A); (6) aggravated burglary, in violation of R.C. 2911.11(A)(3); (7) felonious assault, in violation of R.C. 2903.11(A)(1); and (8) three counts of attempted felonious assault, in violation of 2903.11(A)(1) and R.C. 2923.02(A). A bench trial followed, and the court found Defendant guilty on all counts except aggravated murder, in violation of R.C. 2903.01(A). Defendant filed a direct appeal. This court affirmed his convictions, but remanded the cause to the trial court for correction of sentence. State v. McDerment
(May 5, 1995), 9th Dist. No. 94CA005796, at 16. Thereafter, Defendant petitioned the trial court for post-conviction relief; however, the trial court denied his petition. It is from the trial court's denial of his petition for post-conviction relief that Defendant appeals and asserts two assignments of error for review.
 ASSIGNMENT OF ERROR I
{¶ 3} "The trial [c]ourt erred to the prejudice of [Defendant] by not holding a hearing on his petition for post-conviction relief to determine whether [Defendant] proved that he was denied the effective assistance of trial counsel when that counsel was not certified to handle [Defendant's] criminal trial pursuant to Sup.R. 20 denying [Defendant] his rights of Due Process and Equal Protection of the laws under theFifth, Sixth and Fourteenth Amendments of the United States Constitution rendering [Defendant's first trial] unfair and unjust."
{¶ 4} In his first assignment of error, Defendant avers that the trial court erroneously denied his petition for post-conviction relief without holding a hearing. We disagree.
{¶ 5} An appellate court reviews a trial court's decision not to conduct a hearing in post-conviction matters under an abuse of discretion standard. State v. Watson (1998), 126 Ohio App.3d 316, 324 ("[i]n reviewing an appeal of postconviction relief proceedings, [an appellate court] must apply an abuse of discretion standard in determining whether the trial court erred in denying the petitioner's motion for postconviction relief without a hearing"). An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
{¶ 6} R.C. 2953.21 sets forth the statutory framework governing post-conviction relief. Specifically, this statute provides defendants with a mechanism to petition the trial court for an evidentiary hearing and request relief on the basis that their convictions are void or voidable on state or federal constitutional grounds. R.C. 2953.21. Although defendants may petition for post-conviction relief, they are still required to abide by certain time requirements for filing such a petition, as outlined in R.C. 2953.21(A)(2). R.C. 2953.21(A)(2) provides:
{¶ 7} "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which thetrial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." (Emphasis added.)
{¶ 8} The record reveals that Defendant's trial transcript was filed on April 15, 1994. As such, for Defendant's petition to be deemed timely filed, it must have been filed no later than one hundred eighty days after April 15, 1994. Defendant filed his petition for post-conviction relief on July 17, 2002, well beyond the statutory time period.
{¶ 9} As Defendant filed his petition outside the prescribed time limitations, the trial court lacked jurisdiction absent Defendant demonstrating he met the requirements of R.C. 2953.23(A). See State v.Hurst (Jan. 10, 2000), 5th Dist. No. 1999CA00171. See, also, State v.Mullen, 4th Dist. No. 00CA24, 2001-Ohio-2566; State v. Harris (Feb. 9, 2001), 2nd Dist. No. 18525; State v. Smith (Feb. 17, 2000), 8th Dist. No. 75793. The trial court may consider a petition for post-conviction relief after the deadline if the defendant demonstrates:
{¶ 10} "(1) Either of the following ***:
{¶ 11} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
{¶ 12} "(b) Subsequent to the period prescribed in [R.C.2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
{¶ 13} [and]
{¶ 14} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]" R.C. 2953.23(A).
{¶ 15} In the present case, Defendant contends that his convictions are void or voidable because his trial counsel was not qualified to represent him in his criminal trial. Despite Defendant's contention that his trial counsel was not qualified, he failed to argue, much less demonstrate, the jurisdictional requirements outlined in R.C.2953.23(A). Specifically, Defendant has not asserted that he "was unavoidably prevented from discovering the facts" upon which he must rely to present his claim for relief. Moreover, Defendant does not argue that his petition is based upon a new federal or state right that has been recognized by the United States Supreme Court. As the trial court lacked jurisdiction to consider Defendant's petition, it was not required to hold a hearing. See State v. Furcron (Feb. 17, 1999), 9th Dist. No. 98CA007089, at 3; State v. Flowers (Nov. 12, 1998), 9th Dist. No. 2842-M, at 2; State v. Hanks (June 25, 1998), 10th Dist. No. 98AP-70. Consequently, we hold that the trial court did not abuse its discretion in denying Defendant's petition for post-conviction relief without holding a hearing. Accordingly, Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
{¶ 16} "The trial court abused judicial discretion in dismissing the questions of subject matter and personal jurisdiction of the trial court pursuant to R.C. 2945.06 depriving [Defendant of] his constitutional rights of Due Process and Equal Protection of the laws under the Fifth and Fourteenth Amendments of the United States Constitution rendering the first trial of [Defendant] incompetent."
{¶ 17} In his second assignment of error, Defendant asserts that the trial court lacked subject matter and personal jurisdiction to try him on the offenses charged. Specifically, Defendant asserts that following his waiver of trial by jury, R.C. 2945.06 required the proceedings to be held by a three-judge panel, rather than a single trial judge. Defendant's assertions lack merit.
{¶ 18} R.C. 2945.06 provides:
{¶ 19} "In any case in which a defendant waives his right to trial by jury and elects to be tried by the court under [R.C. 2945.05], any judge of the court in which the cause is pending shall proceed to hear, try, and determine the cause in accordance with the rules and in like manner as if the cause were being tried before a jury. If the accused ischarged with an offense punishable with death, he shall be tried by acourt to be composed of three judges[.]" (Emphasis added.)
{¶ 20} Accordingly, R.C. 2945.06 does not require a determination of guilt or pronouncement of sentence by a three-judge panel if the defendant is not charged with an offense punishable by death. State exrel. Henry v. McMonagle (2000), 87 Ohio St.3d 543, 544-45 (stating in a case involving a writ of prohibition that R.C. 2945.06 does not require an examination or a determination by a three-judge panel when the indictment has been amended to delete any death-penalty specification);State v. Burt (Oct. 4, 2001), 8th Dist. No. 78612 (holding that R.C.2945.06 does not require a three-judge panel to accept a guilty plea to the offense of non-capital aggravated murder). See, also, State v.White, 7th Dist. No. 01-JE-3, 2002-Ohio-5226, at ¶ 21 (declaring that once the state amended the defendant's indictment to eliminate the death-penalty specifications, and the defendant no longer faced capital charges, R.C. 2945.06 did not apply). But, see, State v. Parker,95 Ohio St.3d 524, 2002-Ohio-2833, at ¶ 11 (holding that where an amendment has not been made to an indictment deleting the death-penalty specification, "a defendant charged with a crime punishable by death who has waived his right to trial by jury must, pursuant to R.C. 2945.06 and Crim.R. 11(C)(3), have his case heard and decided by a three-judge panel even if the state agrees [through a plea agreement] that it will not seek the death penalty").
{¶ 21} Upon a thorough review of the record in the instant case, we find that Defendant was not charged with offenses punishable by death because the State did not seek the death penalty against Defendant. As such, we conclude that the trial court was not required to convene a three-judge panel to try Defendant's case. See R.C. 2945.06. See, also,McMonagle, 87 Ohio St.3d at 544-45; Burt, supra; White, at ¶ 21. Likewise, we cannot say that the trial court lacked subject matter and personal jurisdiction to try him on the offenses charged. Consequently, Defendant's second assignment of error is overruled.
{¶ 22} Defendant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
BAIRD, J. and WHITMORE, J. CONCUR