[Cite as *State v. Butler*, 2018-Ohio-3558.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2018CA00034 |
| JAMES CURTIS BUTLER, JR. | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 87-7548 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 4, 2018 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| JOHN D. FERRERO<br>PROSECUTING ATTORNEY<br>STARK COUNTY, OHIO | JAMES CURTIS BUTLER, JR., PRO SE<br>#207-638<br>Marion Correctional Institution<br>P.O. Box 57<br>Marion, Ohio 43301 |
| By: RONALD MARK CALDWELL<br>Assistant Prosecuting Attorney<br>Appellate Section<br>110 Central Plaza, South – Suite 510<br>Canton, Ohio 44702-1413 | |

*Hoffman, J.*

{¶1}    Defendant-appellant James Curtis Butler, Jr. appeals the February 26, 2018 Judgment Entry entered by the Stark County Court of Common Pleas, which denied his Motion for Issuance of a Final Appealable Order and Motion for Shock Probation. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS[1]

{¶2}    In 1987, then 15 year old Appellant was charged with delinquency by reason of committing the crime of aggravated murder. The charge arose from the stabbing death of 74 year old Helen Crawford on August 5, 1987. The Court of Common Pleas, Juvenile Division, relinquished jurisdiction and bound the case over to the General Division for prosecution of Appellant as an adult. Appellant waived his right to have the case presented to a grand jury. After a competency evaluation, Appellant entered a plea of guilty to one count of aggravated murder.

{¶3}    The court sentenced Appellant to a term of life imprisonment with parole eligibility after 20 years. Appellant appealed, specifically challenging the juvenile court's order relinquishing jurisdiction. This Court affirmed the juvenile court's order. *State v. Butler*, 5th Dist. Stark App. No. 7494 (Dec. 12, 1988). Appellant appealed the decision to the Ohio Supreme Court, which accepted the case for review, and affirmed this Court's decision. *State v. Butler* (1990), 48 Ohio St.3d 78, 549 N.E.2d 516.

{¶4}    On February 21, 2001, the trial court conducted a R.C. 2950.09 classification hearing to determine Appellant's status as a sex offender. At the hearing,

---

[1] A full Statement of the Facts is not necessary for our disposition of this Appeal.

the State introduced several exhibits and presented the testimony of three of the police officers who investigated the death of Helen Crawford, as well as the father of the female classmate Appellant had apparently sexual assaulted approximately one month prior to the Crawford homicide. Based upon this evidence, the trial court found by clear and convincing evidence Appellant had committed the aggravated murder of Crawford "with a purpose to gratify [his] sexual needs or desires", and adjudicated him a sexual predator pursuant to R.C. 2950.09. Appellant appealed the classification to this Court, which affirmed. *State v. Butler,* 5th Dist. No.2001 CA00069, 2002-Ohio-774. The Ohio Supreme Court accepted jurisdiction, but subsequently dismissed Appellant's appeal as improvidently granted. *State v. Butler*, 98 Ohio St. 3d 1218, 2003-Ohio-2017.

{¶5} On October 24, 2016, Appellant filed a pleading captioned "Motion for Issuance of a Final Appealable Order and Motion for Shock Probation". The State responded, urging the trial court to treat the motion as a petition for post-conviction relief and arguing such should be summarily dismissed. Via Judgment Entry filed February 26, 2018, the trial court denied the motion. The trial court found, despite the caption, the motion constituted a petition for post-conviction relief. The trial court found the motion to be untimely and barred by the doctrine of res judicata.

{¶6} It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. WHEN A TRIAL COURT DISREGARDS STATUTORY REQUIREMENTS WHEN IMPOSING A SENTENCE, TWO FATAL RESULTS OCCUR: (1) THE JUDGMENT IS RENDERED VOID, *State v,*

*Beasley*, (1984), 14 Ohio St. 3d 74, *75; AND, (2) THE DOCTRINE OF RES JUDICATA IS INAPPLICABLE AS A MATTER OF LAW AND FACT. SEE *State v. Simpkins*, 117 Ohio St. 3d 420, at: *23; and *30.

II. WHETHER THE RECHARACTERIZATION OF A PRO SE DEFENDANT'S MOTION CHALLENGING A SENTENCE THAT IS VOID ON PURELY STATUTORY GROUNDS, AND WHERE SUCH JUDGMENT IS 'FACIALLY VOID' MAY BE PROPERLY DISMISSES [SIC] AS A POST CONVICTION RELIEF PETITION.

I, II

{¶7} We elect to address Appellant's assignments of error together. Appellant takes issue with the trial court's treatment of his motion as a petition for post-conviction relief. Appellant contends, because the motion challenges a void sentence, the trial court erred in applying the doctrine of res judicata and dismissing the same. We agree, in part.

{¶8} Despite its caption, an appellant's pleading which (1) is filed subsequent to the expiration of appellant's time for filing a direct appeal; (2) claims the denial of constitutional rights; (3) seeks to render the judgment void or voidable; and (4) asks the trial court to vacate the judgment and sentence, is a petition for post-conviction relief pursuant to R.C. 2953.21(A)(1). *State v. Reynolds* (1997), 79 Ohio St.3d 158, 160; *State v. Wofford*, 5th Dist. Stark No. 2016CA00087, 2016–Ohio–4628, ¶ 15.

{¶9} R.C. 2953.21 governs petitions for post-conviction relief and provides, in pertinent part:

(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

* * *

(2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *.

{¶10} In his Motion for Issuance of a Final Appealable Order and Motion for Shock Probation, Appellant raised several challenges to his conviction. Appellant's primary challenge was to the validity of the burglary offense as a predicate offense to the aggravated murder charge under R.C. 2903.01(B), claiming there was insufficient evidence to support a conviction for burglary. Appellant also asserted the trial court lacked jurisdiction to accept his plea based upon the Ohio Supreme Court's holding in *State v.* Parker, 95 Ohio State 524, 2002-Ohio-2833. In *Parker*, the Supreme Court held

a "defendant charged with a crime punishable by death who has waived his right to trial by jury must * * * have his case heard and decided by a three-judge panel even if the state agrees that it will not seek the death penalty." *Id.* Further, Appellant argued he is eligible for shock probation.

**{¶11}** The trial court found Appellant's arguments regarding *State v. Parker*, supra, unpersuasive as Appellant was not charged with a death penalty specification. It found Appellant's other arguments were barred by the doctrine of res judicata. "Res judicata is applicable in all post-conviction relief proceedings." *State v. Szefcyk,* 77 Ohio St.3d 93, 95, 1996–Ohio–337.

**{¶12}** "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Snyder*, 5th Dist. Tuscarawas No.2015AP070043, 2016–Ohio–832, ¶ 26 quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Further, it is well established, pursuant to res judicata*,* a defendant cannot raise an issue in a motion for post-conviction relief if he or she could have raised the issue on direct appeal. *State v. Duling* (1970), 21 Ohio St.2d 13, 50 O.O.2d 40, 254 N.E.2d 670.

**{¶13}** We agree with the trial court and find Appellant's arguments relative to the sufficiency of the evidence and his eligibility for shock probation are barred by the doctrine of res judicata. We further agree *Parker* is inapplicable.

**{¶14}** However, in his Motion for Issuance of a Final Appealable Order and Motion for Shock Probation, Appellant also argued the trial court's use of the language he "be

committed to the appropriate penal institution * * * for the remainder of his life" did not constitute strict compliance with R.C. 2929.03, and, as a result, rendered his sentence void.

{¶15} The trial court summarily overruled this argument, noting:

> Butler also mentions language about his criminal sentence, jury waiver, fine, and about a "binary plea" that seemingly relates to a no contest plea. These arguments are incomplete and illogical, and are barred from collateral review on res judicata grounds. Butler could have raised these claims at the trial court or on direct appeal from his conviction and sentence. February 26, 2018 Judgment Entry at 8.

{¶16} Appellant's appeal is primarily based upon a claim his sentence is illegal; therefore, void, because it did not mirror the statute. The State, did not address this specific argument in its response brief. Appellant's claim is not based upon an alleged constitutional violation but rather a statutory violation. As such, we do not find his motion may be treated as a post-conviction relief petition.

{¶17} "A sentence that is not in accordance with statutorily mandated terms is void," and "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332, ¶ 8 and paragraph one of the syllabus.

.

{¶18} Appellant was sentenced pursuant to R.C. 2929.03(A), which provides, in relevant part:

(A) If the indictment or count in the indictment charging aggravated murder does not contain one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, then, following a verdict of guilty of the charge of aggravated murder, the trial court shall impose sentence on the offender as follows:

(1) Except as provided in division (A)(2) of this section, the trial court shall impose one of the following sentences on the offender:

(a) Life imprisonment without parole;

(b) Subject to division (A)(1)(e) of this section, life imprisonment with parole eligibility after serving twenty years of imprisonment;

(c) Subject to division (A)(1)(e) of this section, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment;

(d) Subject to division (A)(1)(e) of this section, life imprisonment with parole eligibility after serving thirty full years of imprisonment * * *.

R. C. 2929.03(A).

{¶19} The trial court sentenced Appellant as follows:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the defendant be committed to the appropriate penal institution to be

determined by the Correctional Reception Center in Orient, Ohio, for the remainder of his life, or until otherwise pardoned, paroled or released according to law, on Aggravated Murder, 1 Ct. (R.C. 2903.01) * * * March 22, 1988 Judgment Entry.

{¶20} Appellant asserts this language does not strictly comply with R.C. 2909.03; therefore, his sentence is void. We disagree. We find the language of the March 22, 1988 Judgment Entry to be functionally equivalent to the statutory language, and such does not render Appellant's sentence illegal or void. Because Appellant's sentence is not illegal, he cannot collaterally attack the sentence. Accordingly, the trial court did not err in overruling his motion on this ground, albeit for a different reason.

{¶21} Based upon the foregoing, we find the trial court properly denied Appellant's petition.

{¶22} Appellant's first and second assignments of error are overruled.

{¶23} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur