# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 98146

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KEITH REYNOLDS

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED; REMANDED FOR CORRECTION
## OF THE RECORD

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-207306

**BEFORE:**   Kilbane, J., Boyle, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**   September 6, 2012

[Cite as *State v. Reynolds*, 2012-Ohio-4067.]

## APPELLANT

Keith Reynolds, pro se
Inmate #514-531
Ross Correctional Institution
P.O. Box 7010
Chillicothe, Ohio 45601

## ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor
Katherine Mullin
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} In this pro se appeal, defendant-appellant, Keith Reynolds, appeals from the order of the trial court that denied his petition to vacate his sentence. For the reasons set forth below, we affirm. However, because portions of this record, including the journal entry from which defendant appeals, erroneously state, "indictment: aggravated murder with violence specification," we remand for correction of the record to delete all such provisions and to reflect that defendant has been convicted of one count of aggravated murder without any specifications.

{¶2} On February 27, 1986, defendant was charged with delinquency in connection with the aggravated murder of Willie Moore. Defendant was subsequently bound over to the general division, and on May 5, 1986, he was indicted on one count of aggravated murder with a gun specification. On July 9, 1986, defendant pled guilty to the charge of aggravated murder and the gun specification was dismissed. Defendant was sentenced to a term of 20 years to life and was ordered to serve his sentence at the Ohio State Reformatory.

{¶3} By August 12, 1986, defendant was transferred to the Ohio Penitentiary in Chillicothe. Two months later, he filed a petition to vacate his conviction, complaining that prior to the plea proceedings, he was promised that he would serve his sentence at the Ohio State Reformatory.

The trial court denied the petition on November 25, 1986. Defendant also appealed to this court, raising the same assertion. This court found the claim unsupported in the record and affirmed. *See State v. Reynolds*, 8th Dist. No. 52461, 1987 LEXIS 8175 (Aug. 6, 1987).

{¶4} On July 11, 1991, defendant filed a motion to set aside his conviction, complaining that his trial counsel failed to conduct any investigation in this matter and was ineffective. On March 18, 1992, the trial court denied this motion.

{¶5} On October 3, 2011, defendant filed a motion to withdraw his guilty plea, alleging that R.C. 2945.06 was applicable to this matter and that a three-judge panel should have been assigned to the plea proceedings. On October 21, 2011, the trial court denied the motion. The entry for this order indicates in the caption, "INDICT: 2903.01 AGGRAVATED MURDER WITH VIOLENCE SPECIFICATION."

{¶6} On November 21, 2011, defendant filed a motion to vacate a void sentence, again asserting that his guilty plea was void because the matter should have been assigned to a three-judge panel, rather than a single trial court judge. The state noted that defendant was a minor at the time of the offense, and was not charged with a capital offense, and therefore, R.C. 2945.06 is inapplicable. The trial court denied this successive motion. The

entry for this order again indicates in the caption, "INDICT: 2903.01 AGGRAVATED MURDER WITH VIOLENCE SPECIFICATION."

{¶7} Defendant now appeals, assigning one error for our review.

{¶8} For his sole assignment of error, defendant complains that the journal entry of his sentence erroneously states "INDICTMENT AGG MUDER W/ SPECIFICATION" but the actual indictment charged him with one count of aggravated murder with a gun specification, and during the plea proceedings, he pled guilty to aggravated murder, and the gun specification was dismissed. Defendant maintains that in light of this language, his conviction and sentence are void because a three-judge panel was required to conduct the plea proceedings pursuant to R.C. 2945.06 and Crim.R. 11(C)(3).

{¶9} The three-judge panel requirement of R.C. 2945.06 and Crim.R. 11(C)(3) are jurisdictional matters that cannot be waived. *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶ 12; *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992.

{¶10} In this matter, in the direct appeal from defendant's plea, this court stated:

> On May 5, 1986, appellant was indicted for one count of aggravated murder, R.C. 2903.01, with a gun specification, R.C. 2929.71. On May 8, 1986, appellant entered a plea of not guilty.
>
> Thereafter, on July 9, 1986, pursuant to a plea bargain agreement, appellant withdrew his former plea of "not guilty" and

entered a plea of "guilty" to aggravated murder. The gun specification was deleted. In his colloquy with the trial judge in accordance with Criminal Rule 11, appellant acknowledged that no promises or threats were made to induce appellant to plead guilty to the charged offense. Accordingly, the trial court accepted appellant's plea. Appellant was sentenced to a term of twenty years to life[.]

{¶11} Therefore, defendant correctly notes that he was never charged with a violence specification; he was charged with aggravated murder with a gun specification; and he pled guilty to aggravated murder, and the gun specification was dismissed. This matter was never charged as a capital offense. R.C. 2945.06 and Crim.R. 11(C)(3) are therefore not applicable herein, and there was no need for a three-judge panel.

{¶12} Moreover, under R.C. 2929.03(D)(1), the death penalty may not be imposed if an offender is under 18 years of age at the time of the offense. Defendant was clearly a juvenile at the time of this offense.

{¶13} It is clear, however, that portions of the record erroneously indicate that the indictment contained a violence specification. We therefore remand the matter to the trial court for correction of the record in order to accurately reflect the May 5, 1986 charges and the July 9, 1986 guilty plea and conviction for aggravated murder.

{¶14} Affirmed, but remanded for correction of the record.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., CONCURS
COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY